UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gerald S. Buchanan,

      Plaintiff,

v.                                                                     Civil No. 13-1293 (JNE/LIB)
                                                                    ORDER

United States of America,

      Defendant.

---

Stephen J. Dunn, Dunn Counsel PLC, appeared for Gerald S. Buchanan.

Harris J. Phillips, U.S. Department of Justice, appeared for the United States of America.

---

This is an action by Gerald Buchanan against the United States for wrongful cloud on title to property, wrongful levy, and wrongful collection. The case is before the Court on the United States' Motion for Partial Dismissal and Buchanan's Motion for Summary Judgment. For the reasons stated below, the Court grants the United States' motion and denies Buchanan's motion.

*The United States' Motion for Partial Dismissal*

The United States moved to dismiss Buchanan's claim for wrongful collection, 26 U.S.C. § 7433 (2012), for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). Section 7433 states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such

1

> civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).  Buchanan alleged that the United States had issued notices of intent to levy on his property, that the notices of intent to levy seek to collect taxes or penalties that are allegedly owed by business trusts,[1] that neither the taxes nor the penalties were ever assessed against him, and that neither the taxes nor the penalties are owed by him.

Section 7433 "provides a remedy only for improper collection activities, not for an improper assessment of taxes.  Thus, courts have not permitted a taxpayer's § 7433 damages action when the gravamen of the claim is that the IRS improperly assessed tax liability."  *Sande v. United States*, 323 F. App'x 812, 814 (11th Cir. 2009); *see Henry v. United States*, 360 F. App'x 654, 657 (7th Cir. 2010) ("[C]ivil remedies for improper collection activity, *see* 26 U.S.C. §§ 7432, 7433, cannot be used to disguise what is fundamentally a dispute about the underlying tax liability."); *Parenti v. United States*, 125 F. App'x 904, 904 (9th Cir. 2005) ("Parenti's claim for damages is barred first because he has failed to show that the United States has waived its sovereign immunity from suit.  Parenti cannot use 26 U.S.C. § 7433 (which authorizes suits against the United States for tax collection misconduct) in order to challenge the IRS determination that Parenti is liable for federal income taxes for 1994."); *Jaeger v. U.S. Gov't*, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007) ("[S]ection 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax.").

---

[1]   The United States disputes whether the entities should be treated as trusts for federal tax purposes.

> Once a tax has been properly assessed, nothing in the Code requires the IRS to duplicate its efforts by separately assessing the same tax against individuals or entities who are not the actual taxpayers but are, by reason of state law, liable for payment of the taxpayer's debt. The consequences of the assessment—in this case the extension of the statute of limitations for collection of the debt—attach to the tax debt without reference to the special circumstances of the secondarily liable parties.

*United States v. Galletti*, 541 U.S. 114, 123 (2004); *see United States v. Holmes*, 727 F.3d 1230, 1234-35 (10th Cir. 2013) ("Mr. Holmes contends that we should confine *Galletti* to its facts, that it would be an extension of the holding of that case to apply it to this case in which the IRS is pursuing a shareholder of a corporation which was delinquent in its taxes. But the logic and language of *Galletti* are not so easily cabined, we believe. The IRS was not required to separately assess the taxes against Mr. Holmes individually . . . .").

The claim for wrongful collection rests on Buchanan's allegations that the United States failed to separately assess the taxes and penalties against him and that he does not owe the taxes and penalties. The claim does not fall within the scope of the United States' waiver of sovereign immunity in § 7433. *See Parenti*, 125 F. App'x at 904; *Dockery v. U.S. Dep't of Treasury*, 593 F. Supp. 2d 258, 261 (D.D.C.) ("The Court concludes that plaintiff's claims arise from the IRS' assessment of taxes rather than from the collection of taxes by levy. These claims, therefore, fall beyond the scope of Section 7433's limited waiver of sovereign immunity, thus depriving this Court of subject matter jurisdiction."), *aff'd*, 358 F. App'x 206 (D.C. Cir. 2009). The Court therefore grants the United States' motion and dismisses the claim for wrongful collection for lack of subject-matter jurisdiction.

*Buchanan's Motion for Summary Judgment*

At the motion hearing, the Court denied Buchanan's motion. The United States has not filed an answer.[2] The parties have not conferred under Rule 26(f) of the Federal Rules of Civil Procedure. An initial pretrial conference has not taken place. *See* Fed. R. Civ. P. 16(a); D. Minn. LR 16.2. No discovery has taken place. *See* Fed. R. Civ. P. 26(d). The United States invoked Rule 56(d) of the Federal Rules of Civil Procedure. As to the remaining claims, the dispute is not one that may be resolved without any discovery. Thus, the Court denied Buchanan's motion. *See, e.g.*, *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The United States' Motion for Partial Dismissal [Docket No. 36] is GRANTED.

2. Buchanan's Motion for Summary Judgment [Docket No. 47] is DENIED.

3. The claim for wrongful collection, Count IV of the Second Amended Complaint, is DISMISSED for lack of subject-matter jurisdiction.

Dated: January 17, 2014

                                                   s/Joan N. Ericksen
                                                   JOAN N. ERICKSEN
                                                   United States District Judge

---

[2] "[T]he weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (3d ed. 2004).